# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **JAMES POLLOCK**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:22-cv-746 |
| | Judge: |
| **THE SCHOOL BOARD OF GLADES COUNTY, FLORIDA**, a political subdivision of the State of Florida, | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JAMES POLLOCK** ("**POLLOCK**" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Americans with Disabilities Act (ADA) and Florida Civil Right Act (FCRA) for (1) discrimination in violation of the ADA, and (2) discrimination in violation of the FCRA.

1

## PARTIES

2. The Plaintiff, **JAMES POLLOCK** ("**POLLOCK**") is an individual who at all material times resided in Glades County, Florida and who worked for the Defendant in Glades County, Florida.

3. Defendant, **THE SCHOOL BOARD OF GLADES COUNTY, FLORIDA** ("Defendant") is a political subdivision of the state of Florida and oversees the public school system in and for Glades County, Florida. The Defendant was **POLLOCK**'s employer. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Glades County, and Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Glades County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Glades County is within the Fort Myers Division.

6. **POLLOCK** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on September 13, 2022

and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.)

## GENERAL ALLEGATIONS

7. **POLLOCK** began his employment with Defendant on September 3, 2021, and was employed as a maintenance technician.

8. **POLLOCK** always performed his assigned duties in a professional manner and was able to do his job despite being a qualified person with a disability.

9. **POLLOCK** graduated from Moore Haven High School and was an ESE student while there. Many of his coworkers worked there while **POLLOCK** was a student and were aware of his disabilities.

10. **POLLOCK**'s disabilities consist of mental/emotional impairments (Autism Spectrum Disorder, Attention Deficit Hyperactive Disorder and Nonverbal Learning Disability), which affect the major life activities of communicating and working and which his supervisors (and the Superintendent) were all aware of. **POLLOCK** utilized a job coach at all material times, and it is quickly apparent **POLLOCK** has disabilities upon interacting with him.

11. From nearly the inception of his employment, **POLLOCK** began to be subjected to a campaign of harassment because of his disabilities.

12.     The harassment included, but was not limited to, constant yelling at **POLLOCK**, speaking down to him and telling others that he didn't know what he was talking about.

13.     Both **POLLOCK**'s mother (as his advocate), and **POLLOCK** complained numerous times to Supervisors Alfonso Brown, Rayon Campbell, Brian Greseth, and Superintendent Dr. Beth Barfield.

14.     While the harassment ceased for one week around November 2021, it then started again.

15.     In February 2022, a coworker told **POLLOCK** that he was not allowed back in the lunchroom because the coworker's cousin said **POLLOCK** was "scary." Principal Dr. Dailey even went so far as to tell **POLLOCK** that "for [his] protection" it was best if **POLLOCK** do not go into the lunchroom. Employees would also get behind him and make gestures likened to a person who had severe disabilities. Employees were permitted to openly speak about **POLLOCK**'s disabilities in a derogatory manner.

16.     None of the other maintenance technicians – who did not have **POLLOCK**'s disabilities – were subjected to such treatment.

17.     The Defendant took no action to stop the disability-based harassment and caused **POLLOCK**'s separation from employment on or about May 2, 2022.

18. At all material times, the Defendant was aware of **POLLOCK**'s disability, which is the basis for its discriminatory employment practices toward him.

## **COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

19. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20. At all relevant times, **POLLOCK** was an individual with a disability within the meaning of the ADAAA.

21. Specifically, **POLLOCK** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

22. **POLLOCK** is a qualified individual as that term is defined in the ADAAA.

23. **POLLOCK** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

24. At all material times, **POLLOCK** was an employee and the Defendant was his employer covered by and within the meaning of the ADAAA.

25. **POLLOCK** has disabilities, which qualify under the ADAAA.

26. Defendant discriminated against **POLLOCK** with respect to the terms, conditions, and privileges of employment because of his disabilities.

27. Defendant conducted itself with malice or with reckless indifference to **POLLOCK**'s federally protected rights.

28. Defendant discriminated against **POLLOCK** in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

29. The conduct of Defendant altered the terms and conditions of **POLLOCK**'s employment and **POLLOCK** suffered negative employment action in the form of discipline and termination.

30. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **POLLOCK** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

31. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **POLLOCK** is entitled to all relief necessary to make him whole.

32. As a direct and proximate result of the Defendant's actions, **POLLOCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe

benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

33. **POLLOCK** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

### COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

34. Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

35. At all relevant times, **POLLOCK** was an individual with a disability within the meaning of the FCRA.

36. Specifically, **POLLOCK** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

37. **POLLOCK** is a qualified individual as that term is defined in the FCRA.

38. **POLLOCK** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

39. At all material times, **POLLOCK** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

40. **POLLOCK** has disabilities, which qualify under the FCRA.

41. Defendant discriminated against **POLLOCK** with respect to the terms, conditions, and privileges of employment because of his disabilities.

42. Defendant conducted itself with malice or with reckless indifference to **POLLOCK**'s protected rights under Florida law.

43. Defendant discriminated against **POLLOCK** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

44. The conduct of the Defendant altered the terms and conditions of **POLLOCK**'s employment and **POLLOCK** suffered negative employment action in the form of discipline and termination.

45. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **POLLOCK** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

46. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **POLLOCK** is entitled to all relief necessary to make him whole.

47. As a direct and proximate result of the Defendant's actions, **POLLOCK** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

48. **POLLOCK** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

9

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages, and;

vi. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JAMES POLLOCK**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

                                          Respectfully submitted,

Dated: November 22, 2022     **/s/ Benjamin H. Yormak**
                                          Benjamin H. Yormak
                                          Florida Bar Number 71272
                                          Lead Counsel for Plaintiff
                                          YORMAK EMPLOYMENT & DISABILITY LAW
                                          27200 Riverview Center Blvd., Suite 109
                                          Bonita Springs, Florida 34134
                                          Telephone: (239) 985-9691
                                          Fax: (239) 288-2534
                                          Email: byormak@yormaklaw.com